**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ESMERALDA RODRIGUEZ** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CAUSE NO. 5:21-CV-00163** |
| | § | |
| **ALLSTATE INSURANCE COMPANY** | § | |
| *Defendant* | § | |

---

**DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

---

Defendant, Allstate Fire and Casualty Insurance Company, erroneously named as Allstate Insurance Company ("Allstate"), hereby removes this lawsuit currently pending in the 166th Judicial District Court, Bexar County, Texas, Cause No. 2021CI00845 to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship and would respectfully show the Court as follows:

**BACKGROUND**

1.      On January 14, 2021, Plaintiff filed her Original Petition styled *Esmeralda Rodriguez v. Allstate Insurance Company,* in which Plaintiff alleges claims for uninsured motorist benefits, breach of contract, bad faith, violations of the Texas Insurance Code and damages resulting from the negligence of tortfeasor, Tiffany Star Love.  *See* **Exhibit A**.

2.      Plaintiff served Allstate with Plaintiff's Original Petition and process on January 27, 2021, by certified mail on its registered agent. *See* **Exhibit B**.

3.      Plaintiff has demanded a jury trial. *See* **Exhibit A** at ¶ 33.

**GROUNDS FOR REMOVAL**

4.        This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states.  Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

### A.  Parties are Diverse

5.        Plaintiff is a natural person who affirmatively alleges that she is a resident of the State of Texas. See Plaintiff's Original Petition, **Exhibit A**, at ¶ 2. Plaintiff is a citizen of the State of Texas.

6.        Defendant Allstate Fire and Casualty Insurance Company (misnamed as Allstate Insurance Company) is an Illinois corporation with its principal place of business in Illinois and is a citizen of Illinois.

### B.  Amount in Controversy

7.        The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."  *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

8.        If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

9.      To determine the amount in controversy, the court may consider "…penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds,* No. 3;98-CV1288-G, 1999 WL 151667, at 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against his insurance company).

10.      Here, it is facially apparent from Plaintiff's petition that the claim exceeds $75,000.00. Specifically, Plaintiff specifically alleges: "Plaintiff seeks monetary relief over $1,000,000." See **Exhibit A**, at ¶ 5.

11.      Based on the foregoing, this Court has diversity jurisdiction.

## REMOVAL IS PROCEDURALLY PROPER

12.      This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

13.      Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

14.      Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached herein as **Exhibit A** and **Exhibit B**.

15.       Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the District Clerk of Bexar County.

## PRAYER FOR RELIEF

16.      Defendant Allstate Fire and Casualty Insurance Company, erroneously named as Allstate Insurance Company, prays that the Court accept jurisdiction over the state court action for the reasons set forth above, and grant Defendant any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO,**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598-8686
Fax: 210–598-8797


  */s/ Joseph S. Ellis*
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Joseph S. Ellis**
State Bar No. 24109840
jellis@valdeztrevino.com
*Counsel for Defendant Allstate Fire and*
*Casualty Insurance Company*


### CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this

22nd day of February 2021, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via email

and via e-service in the state court proceeding:

John P. Cowart
Ethan L. Shaw
SHAW COWART, LLP
1609 Shoal Creek Blvd., Ste. 100
Austin, Texas 78701
jcowart@shawcowart.com
elshaw@shawcowart.com
*Counsel for Plaintiff*


  */s/ Joseph S. Ellis*
**Joseph S. Ellis**